Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSEM A. ABULKHAIR, | : |
| Plaintiff, | : Civil Action No. 14-5677 (ES) (JAD) |
| v. | : MEMORANDUM |
| THE FEDERAL BUREAU OF INVESTIGATION, et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Pending before the Court are Defendants'[1] motion to dismiss *pro se* Plaintiff Assem A. Abulkhair's Amended Complaint (D.E. No. 33) and Plaintiff's cross-motion "to enter default and compel defendants to cease and desist their unlawful surveillance forthwith" (D.E. No. 34). The Court has considered the parties' submissions in support of and in opposition to the pending motions and decides these matters without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendants' motion is GRANTED and Plaintiff's cross-motion is DENIED. Plaintiff shall have thirty days to amend his pleading to cure the deficiencies identified below.

---

[1] The moving defendants are the Federal Bureau of Investigation; former FBI Director Robert S. Mueller, III; former FBI Director James B. Comey; former Special Agent in Charge of the FBI's Newark Division Aaron T. Ford; and the United States of America. (D.E. No. 33-1 at 1).

Plaintiff's Amended Complaint also names the following Defendants: "All Assistant Agents in Charge" in their official capacities; "All FBI's Supervisors, Officers, Employees, Agents" in their official capacities; "All FBI's Informers and Informants" in their official capacities; and "All Fictitious Persons John Does One Through Twenty" in their official capacities "as FBI's employees." (*See* D.E. No. 8, Am. Compl.).

## I. Relevant Background

The parties are familiar with the facts and procedural posture of this case, so the Court will be brief.[2] Plaintiff alleges that, since the events of September 11, 2001 to date, Defendants have engaged "in patterns of discriminatory and abusive secret surveillance" of Plaintiff because he is Muslim. (*See* D.E. No. 8, Am. Compl. ¶¶ 26-29). In particular, Plaintiff alleges that the FBI is carrying out this surveillance "using a full force of an uncountable mirage of its fleet marked and unmarked vehicles throughout its decade and a half of its unlawful surveillance operation." (*Id.* ¶ 68). Plaintiff's Amended Complaint recounts multiple incidents of alleged unlawful surveillance. (*See, e.g.*, *id.* ¶¶ 41, 45, 56). The following passage is illustrative:

> On many occasions, the Plaintiff leaves his home in the very early morning, just shortly after five o'clock, he always observes the FBI's agents waiting for him. This is an obvious indication that the Defendant FBI aside from (wiretapping) Plaintiff's personal and private phone, is likewise infiltrating his residency and bugging his home by entering in, during his absence, and planting electronic listening devices in his personal and private apartment without a warrant or a court order or even a probable cause to conduct such an unreasonable search and invasion of privacy.

(*Id.* ¶ 40). Plaintiff's Amended Complaint states twenty-three causes of action. (*See id.* ¶¶ 74-155).

## II. Legal Standard

### A. Rule 12(b)(1) Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).[3] A party bringing a motion under Rule 12(b)(1)

---

[2] The Court must accept Plaintiff's factual allegations as true for purposes of resolving Defendants' motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012) ("As such, we set out facts as they appear in the Complaint and its exhibits.").

[3] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

may assert either a "facial or factual challenge to the court's subject matter jurisdiction." *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

In a facial attack, the moving party "challenges subject matter jurisdiction without disputing the facts alleged in the complaint," and the Court must "consider the allegations of the complaint as true." *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). Here, Defendant United States of America brings a facial challenge to the Court's subject matter jurisdiction for all of Plaintiff's claims "for which there has not been an express waiver of the Government's sovereign immunity," including "Plaintiff's constitutional claims," "conspiracy claims," and "Plaintiff's New Jersey Law Against Discrimination claims." (D.E. No. 33-1 ("Def. Mov. Br.") at 8). The individually named Defendants bring facial challenges to "Plaintiff's New Jersey state law claims because they have personal immunity from suit on those claims under the Westfall Act." (*Id.*) (citing 28 U.S.C. § 2679(b)(1)).

In a factual attack, on the other hand, the moving party "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise presenting competing facts, and [the court may] weigh and consider evidence outside the pleadings." *See Davis*, 824 F.3d at 346 (cleaned up). Here, Defendant United States brings a factual challenge to the Court's subject matter jurisdiction for "Plaintiff's causes of action based on negligence, negligent supervision and negligent infliction of emotional distress," as Defendants contend that Plaintiff "failed to satisfy the presentment requirement of the Federal Tort Claims Act ("FTCA"). (Def. Mov. Br. at 8) (citing 28 U.S.C. §§ 1346(b), 2401(b), 2671-80).

### B. Rule 12(b)(6) Standard of Review

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But the court is not required to accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678. And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.").

### III. Analysis

#### A. Plaintiff's *Bivens* claims against the United States, the FBI, and all individual defendants in their official capacities are dismissed for lack of subject matter jurisdiction.

Defendants argue that Plaintiff's *Bivens* claims against the United States, the FBI, or any of the individually named defendants in their official capacities should be dismissed for lack of subject matter jurisdiction. (Def. Mov. Br. at 10). The Court agrees.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). This immunity applies to *Bivens* actions. *See id.* at 486 (holding that federal agencies are not subject to *Bivens* claims); *Albert v. Yost*, 431 F. App'x 76, 81 (3d Cir. 2011) ("A *Bivens* claim can be maintained only against individual federal officers, not against a federal entity."); *see also Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (dismissing *Bivens* claims against individual defendants in their official capacities because "[a]n action against government officials in their official capacities constitutes an action against the United States[,] and *Bivens* claims against the United States are barred by sovereign immunity"). Plaintiff does not address this argument.

Accordingly, to the extent Plaintiff alleges *Bivens* claims against the United States, the FBI, or any of the individually named defendants in their official capacities, those claims are dismissed *with prejudice* for lack of subject matter jurisdiction.

**B. Plaintiff's negligence claims are dismissed for failure to meet the FTCA's administrative-exhaustion requirement.**

Defendants argue that Plaintiff's failure to present his negligence claims to the FBI, as required under the FTCA, warrants dismissal of those claims. (Def. Mov. Br. at 12-15). For the following reasons, the Court agrees.

The FTCA waives the federal government's sovereign immunity "for tort claims arising from the negligence of its employees acti[ng] within the scope of their employment." *Bruno v. U.S. Postal Serv.*, 264 F. App'x 248, 248 (3d Cir. 2008). But "an initial presentation of the claim to the appropriate federal agency and a final denial by that agency are non-waivable jurisdictional prerequisites for suits brought under the FTCA." *Id.* Because the FTCA constitutes a waiver of sovereign immunity, its "established procedures have been strictly construed." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).

"Although an administrative claim need not propound every possible theory of liability" to satisfy the FTCA's presentment requirement, "a plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). The Third Circuit has held that notice in the form of an administrative claim satisfies the FTCA's presentment requirement "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Id.*

Here, Plaintiff's administrative claim states in relevant part:

> Immediately after September 11th, 2001 event and without any proper notice, the Federal Bureau of Investigation, its agencies and its employees named within this Notice, probably coordinated with another or multiple federal agencies, started and continued to this very date to launch its own campaign of spying on the Claimant by having two idiotic FBI agents, waiting in an FBI. GOV marked vehicle and other unmarked vehicles bearing regular New Jersey license plate numbers, watching him leaving and coming to his residence in the absence of any authority to authorize such an invasion of privacy, spying and making him a criminal suspect among his peaceful community without any justification, except that the Claimant belongs to an Islamic faith.

(D.E. No. 33-2, Ex. A). In his opposition brief, Plaintiff does not appear to argue that his administrative claim gave sufficient notice of his negligence claims. (*See generally* D.E. No. 34 ("Pl. Opp. Br.") at 4-6).[4] Rather, Plaintiff argues that "any dispute or argument with respect to the FTCA Notice's deficiency or jurisdiction has become irrelevant and obviated" in light of "the United States['s] fail[ure] to file its answer to the [Amended] Complaint as it defaulted here." (*Id.* at 4).

The Court has already ruled on Plaintiff's incorrect contention that Defendants did not timely respond to the Amended Complaint. (*See* D.E. Nos. 28 & 37); *see also infra* Section III.E.

---

[4] Plaintiff's opposition brief does not contain page numbers, so the Court will use the ECF-generated page numbers appearing in the header of Plaintiff's brief to refer to pages therein.

Accordingly, the Court rejects Plaintiff's argument as without merit. In any event, the Court agrees with Defendants that Plaintiff's administrative claim does not sufficiently advise the FBI that Plaintiff's injuries were caused by negligence. *See, e.g.*, *Barnes v. United States*, 707 F. App'x 512, 516 (10th Cir. 2017) (affirming district court's dismissal of plaintiff's negligence claims based on plaintiff's failure to give sufficient notice under the FTCA); *Kikumura v. Osagie*, 461 F.3d 1269, 1302 (10th Cir. 2006), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (same); *Edwards v. United States*, 57 F. Supp. 3d 938, 948-50 (D. Minn. 2014) (dismissing negligence claims for failure to exhaust under the FTCA).

The Court therefore dismisses Plaintiff's negligence claims *with prejudice*.

**C. Plaintiff's remaining claims are dismissed for failure to state a claim.**

Defendants argue, among other things, that Plaintiff's Amended Complaint should be dismissed because Plaintiff fails "to allege any facts showing each defendant's personal involvement in each of the alleged wrongs as specifically instructed in the Court's September 18, 2014 Order." (Def. Mov. Br. at 19) (citing D.E. No. 2). In particular, Defendants point out that "[a]ll twenty-three (23) causes of action fail to specify which particular defendants are liable for which particular cause of action and why." (*Id.* at 18-19). The Court agrees with Defendants and dismisses Plaintiff's remaining claims *without prejudice* so that Plaintiff may amend his pleading to cure these deficiencies.

"In general, a Complaint must indicate which claims are being asserted against which defendants." *Smalls v. Riviera Towers Corp.*, No. 12-6312, 2013 WL 4048008, at *2 (D.N.J. Aug. 9, 2013). "Courts in this district have held that pleadings that fail to explain who has committed what actions are impermissibly vague and fail to comport with the pleading standards set out by the Supreme Court in *Twombly*." *Transp. Ins. Co. v. Am. Harvest Baking Co.*, No. 15-0663, 2015

WL 9049273, at *8 (D.N.J. Dec. 16, 2015) (collecting cases). Indeed, "alleging that Defendants undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when." *Russo v. City of Paterson*, No. 16-5665, 2017 WL 2312360, at *3 (D.N.J. May 25, 2017). "And such speculation is anathema to contemporary pleading standards." *Id.*

As an initial matter, the Court notes that Plaintiff does not address this argument. But more to the point, Plaintiff "cannot merely state that 'Defendants did x'—he must specifically allege *which* Defendants engaged in what wrongful conduct." *See id.* (emphasis in original) (alteration omitted). Plaintiff's Amended Complaint "fails to explain who committed what actions and impermissibly relies on pleaded elements of a cause of action, supported by conclusory statements." *See id.* Like the defendants in *Russo*, "Defendants in this case occupied different positions and presumably had distinct roles in the alleged misconduct." *See id.* But it is unclear from the Amended Complaint "which Defendants engaged in what wrongful conduct to support" Plaintiff's claims. *See id.*

Accordingly, the Court dismisses Plaintiff's remaining claims *without prejudice*. Plaintiff may amend his pleading to cure these deficiencies.[5]

### D. Plaintiff's claims against Defendant Ford in his individual capacity are dismissed.

Finally, Defendants argue that the Court does not have personal jurisdiction over Ford because Plaintiff failed to timely serve him with process. (Def. Mov. Br. at 27). For the following reasons, the Court agrees.

---

[5] The Court recognizes Defendants' argument that Plaintiff's conspiracy claims are "so attenuated and insubstantial" that the Court does not have subject matter jurisdiction over them. (*See* Def. Mov. Br. at 11). Because the Court is permitting Plaintiff to amend his pleading, the Court declines to address this argument now. Defendants may raise this argument on any future dispositive motion.

At the start of this litigation, Plaintiff requested that the Court order the U.S. Marshal Service to serve Plaintiff's Amended Complaint on Defendants. (D.E. No. 13). The Court granted Plaintiff's request. (D.E. No. 14). Thereafter, Plaintiff instructed the U.S. Marshal Service to serve Ford at the FBI Newark Division Office. (D.E. No. 18). Plaintiff's Summons for Ford indicates that the U.S. Marshal Service attempted service on March 6, 2017. (*Id.*). Defendants argue that service was not effective as to Ford in his individual capacity because the FBI did not have authorization to accept service on his behalf, as Ford retired from the FBI in 2015. (Def. Mov. Br. at 29).

Nevertheless, in Defendants' May 8, 2017 letter requesting an extension of time to respond to the Amended Complaint, Defendants stated their position that Ford had not been properly served and advised Plaintiff that the FBI Newark Division "has since been authorized by Mr. Ford to accept service of process on his behalf." (D.E. No. 25 at 2 n.1). Defendants argue that, notwithstanding this notice to Plaintiff, "there is no evidence that . . . Plaintiff took steps to have Mr. Ford served with process after that date although service still could have been completed timely." (Def. Mov. Br. at 29). Defendants contend that, because Plaintiff needed to serve Ford (and the other individual defendants) within ninety days after the complaint was filed, *see* Fed. R. Civ. P. 4(m), the absolute latest Plaintiff could have served Ford was May 23, 2017, i.e., ninety days after the Court granted Plaintiff's request to have the U.S. Marshal Service complete service of process. (*Id.*).

In response, Plaintiff seems to misinterpret Defendants' statement that the FBI Newark Division "has since been authorized by Mr. Ford to accept service of process on his behalf." (D.E. No. 25 at 2 n.1). Plaintiff seems to think Defendants meant the FBI Newark Division has been authorized to accept service on Ford's behalf *since Ford's retirement in 2015*. (*See* Pl. Opp. Br.

at 7).[6] But that is not how the Court interprets Defendants' statement, which is reproduced in full below:

> We note that although a Return of Service document was filed indicating that service of process was completed on Aaron T. Ford on March 6, 2017, *see* Dkt. No. 18, that service was only effective as to the FBI. Mr. Ford retired from the FBI in early 2015. While the FBI Newark Division has since been authorized by Mr. Ford to accept service of process on his behalf, service has not been completed on Mr. Ford in his individual capacity.

(D.E. No. 25 at 2 n.1). Plaintiff appears to concede that Ford retired from the FBI in 2015 (*see* Pl. Opp. Br. at 7) and has not come forward with affidavits or other evidence showing that jurisdiction is proper over Ford. *See Dayhoff v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) ("[O]nce a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper.").

Accordingly, Plaintiff's claims against Ford are dismissed *without prejudice*.

### E. Plaintiff's cross-motion for entry of default is denied because Defendants timely answered Plaintiff's Amended Complaint.

Plaintiff appears to be under the mistaken impression that Defendants did not timely answer the Amended Complaint. Although it is true that Defendants sought an extension of time to respond to the Amended Complaint one business day late (*see* D.E. No. 25), the Court already

---

[6] For example, Plaintiff calls Defendants' arguments regarding service "an outright 'lie'" that "totally contradicts their initial pleading requesting the extension of time." (Pl. Opp. Br. at 7). Plaintiff then states:

> There, they admitted in their footnote as pointed out in Plaintiff's May 10, 2017 opposition [doc. 29], "[T]he FBI Newark Division [h]as [since] been authorize[d] by Mr. Ford [t]o accept [service] of process on [h]is behalf." Whether the English language is the first or the second language to any speaker regardless of his culture or background, using word "since" by the graduated "professional liar" meant (only) "since" Defendant Ford's retirement was of 2015. No other interpretation could possibly leads to believe otherwise. To make mockery of his own corrupt and rotten judicial system to increase the mud muddiness and wetness, the "professional liar" idiotically and moronically contradicted his first pleading by modifying his misleading fabricated fact to argue in another footnote [M. 20, fn. 4] that "Mr. Ford has [now] authorized to accept service on his behalf."

(*Id.* at 7-8) (brackets, quotation marks, and alterations in original).

dealt with this issue on more than one occasion. In a May 10, 2017 Order, the Hon. Joseph A. Dickson, U.S.M.J., found good cause to extend Defendants' time to answer or otherwise respond to Plaintiff's Amended Complaint. (D.E. No. 27). That same day, Plaintiff filed a request (i) to strike Defendants' letter request for an extension of time to answer; and (ii) for entry of default against Defendants. (D.E. No. 26). On May 11, 2017, the Court denied Plaintiff's request as moot in light of Magistrate Judge Dickson's May 10, 2017 Order. (D.E. No. 28).

Plaintiff then appealed to this Court Magistrate Judge Dickson's May 10, 2017 Order and the Court's May 11, 2017 Order. (D.E. No. 30). While that appeal was pending, Defendants timely moved to dismiss. (D.E. No. 33). The Court thereafter denied Plaintiff's appeal. (D.E. No. 37). Thus, Plaintiff has not advanced a proper basis for obtaining default against Defendants.[7]

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. An appropriate Order accompanies this Memorandum.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**

---

[7] Plaintiff also cross-moves "to compel Defendants to cease and desist their unlawful surveillance forthwith." (*See* D.E. No. 34). The Court declines to reach this issue at this time given the procedural posture of this case.